CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

FEB 1 2 2007

JOHN F. CORCORAN, CLERK
BY:
          DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>COREY ANTON JOHNSON,<br><br>*Defendant* | CRIMINAL NO. 6:07CR0002<br><br>ORDER and OPINION<br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on Defendant's Motion for Discovery filed on February 5, 2007 (docket entry no. 19). Defendant moves for a cornucopia of discovery from the government pursuant to Rules 16 and 26.2 of the Federal Rules of Criminal Procedure; *Brady v. Maryland*, 373 U.S. 83 (1973), and its progeny; and the Jenck's Act. For the following reasons, this motion will be GRANTED in part and DENIED in part.

**I. Rule 16 of the Federal Rules of Criminal Procedure**

Rule 16 requires, upon a defendant's request, that the government disclose certain oral statements made by the defendant, Fed. R. Crim. P. 16(a)(1)(A), certain written or recorded statements made by the defendant, Fed. R. Crim. P. 16(a)(1)(B), certain documents and objects, Fed. R. Crim. P. 16(a)(1)(E), certain reports of examinations and tests, Fed. R. Crim. P. 16(a)(1)(F), and certain expert witness testimony, Fed. R. Crim. P. 16(a)(1)(G). Without suggesting that the government is not complying with Rule 16, the Court hereby GRANTS that portion of Defendant's motion dealing with Rule 16 discovery and hereby orders the government to provide to Defendant any discoverable material under the above-mentioned subsections of Rule 16.

## II. *Brady v. Maryland* and Exculpatory Evidence

The Supreme Court held in *Brady v. Maryland* that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady v. Maryland*, 373 U.S. 83, 87 (1963). Requests for *Brady* material must be specific enough to allow the Government to identify the materials. *See United States v. Billups*, 692 F.2d 320, 325 (4th Cir. 1982) (finding that the defendant's 25 *Brady* requests were too general in nature to include material the defendant later claimed was improperly withheld).

Without suggesting that the Government is not complying with *Brady*, the Court hereby GRANTS Defendant's motion dealing with *Brady* material and hereby orders the Government to provide to Defendant any exculpatory evidence requested to the extent required by *Brady* and its progeny.

## III. Jencks Act and Rule 26.2 of the Federal Rules of Criminal Procedure

Defendant seeks pretrial disclosure of Jencks Act material. The Jencks Act, codified at 18 U.S.C. § 3500, provides that certain statements made by government witnesses may not be the subject of subpoena, discovery, or inspection until that witness has testified on direct examination at the trial. *See* 18 U.S.C. § 3500(a) (2000). After the witness has testified on direct examination and upon the defendant's motion, however, the court must order the government to produce any statement made by the witness that comports with § 3500(e). *See id.* § 3500(b). It is then within the court's discretion whether and for how long to recess proceedings for such time as is necessary for the defendant to examine the statement. *See id* § 3500(c).[1]

---

[1] As the Fourth Circuit noted in *U.S. v. Smith*, Rule 26.2 of the Federal Rules of Criminal Procedure was intended to replace Jencks Act provisions dealing with discovery of a testifying witness's prior statements "on the notion that provisions [that] are purely procedural in nature should appear in the Federal Rules of Criminal Procedure rather than in Title 18." *U.S. v. Smith*,

Under the plain language of the statute, then, it is clear that the Court cannot require the government to produce Jencks Act statements until *after* the witness has testified.[2] But as the Fourth Circuit has stated, "nothing in the Jencks Act prevents the government from voluntarily disclosing covered material prior to trial." *U.S. v. Lewis*, 35 F.3d 148 (4th Cir. 1994). Such early disclosures help both the government and the defendant. *See, e.g., id.* ("We prefer to encourage such early disclosures. In fact, we believe that both sides benefit when the government's file is completely open to a criminal defendant.").

In light of the explicit language of the Jencks Act and governing case law and absent extraordinary circumstances, this Court is generally disinclined to grant motions seeking pretrial disclosure of statements otherwise not discoverable under the Act. The Court recognizes, however, that a defendant is entitled to a reasonable opportunity to inspect a witness's relevant statements before cross examining that witness. If these statements are voluminous, a prudent attorney may then ask for a recess or continuance to review the material, resulting in a trial delay.

Nothing here in Defendant's motion indicates that a failure on the Government's part to release any Jencks Act material would result in a trial interruption. It is unclear from Defendant's motion why he thinks this case deserves special attention or how he knows — at least at this time — what Government witnesses will testify on direct examination, and, therefore, how much Jencks Act material the Government will have to offer at trial.

Jencks Act material is certainly discoverable, but not until *after* the witness has testified

---

31 F.3d 1294, 1301 n.6 (4th Cir. 1994) (quoting the Advisory Committee Note to Rule 26.2). The result would be the same here whether Defendant's request was analyzed under Rule 26.2 or under the Jencks Act. *See id.*

[2] This is true to the extent that such material is not exculpatory. Otherwise, the material falls within the *Brady* rule and must be disclosed.

on direct examination. That portion of Defendant's motion addressing Jencks Act material is therefore DENIED.

It is so ORDERED.

The Clerk is hereby directed to send a copy of this Order to all counsel of record.

ENTERED: /s/ Norman K. Moon
U.S. District Judge

February 12, 2007
Date