UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
11/27/2023
LAURA A. AUSTIN, CLERK
BY: s/ ARLENE LITTLE
        DEPUTY CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 6:07-cr-00002 |
| v. | MEMORANDUM OPINION & ORDER |
| COREY ANTON JOHNSON, | |
| *Defendant.* | JUDGE NORMAN K. MOON |

This matter is before the Court on Defendant Corey Anton Johnson's motion to reduce his supervised release revocation sentence pursuant to the First Step Act of 2018. The Office of the Federal Public Defender has filed a supplemental motion on his behalf, and the United States has responded. For the following reasons, the Court will deny Johnson's motions.

## BACKGROUND

Johnson has been sentenced by this Court three separate times in the last fifteen years. First, in 2008, the Court sentenced him to 262 months imprisonment for conspiracy to distribute more than 50 grams of cocaine base (i.e., crack cocaine).[1] Dkt. 57. Since then, Johnson has finished his prison sentence, and relevant here, in March 2019, he began a 10-year term of supervised release. Dkt. 116.

While on supervised release, Johnson returned to criminal conduct. In August 2022, Johnson entered a plea of guilty to *another* conspiracy to distribute cocaine, *U.S. v. Johnson*, No. 6-21-cr-01, Dkts. 439, 530, and in December 2022, the Court sentenced him to 108 months imprisonment for that new crime. *U.S. v. Johnson*, No. 6-21-cr-01, Dkt. 658.

---

[1] The Court later reduced his sentence to 168 months imprisonment. Dkt. 92.

1

Because he was on supervised release pursuant to his 2008 sentence when he committed this new offense, Johnson was also found to have violated the terms of his supervision. Dkt. 116. Accordingly, the Court sentenced him to 46 months imprisonment, consisting of 34 months running concurrently with his 2022 sentence and 12 months running consecutively. Dkt. 121. Johnson has now moved to reduce his supervised release revocation sentence pursuant to "the Second Chance Act and First Step Act." Dkt. 122; *U.S. v. Johnson*, No. 6-21-cr-01, Dkt. 812.

## DISCUSSION

### I.     Legal Standard

Enacted in 2010, the Fair Sentencing Act was designed to reduce the disparity between sentences involving powder cocaine and those involving cocaine base or crack; it aimed to do so by lowering the penalties on crack offenses. *See* Fair Sentencing Act of 2010, Pub. L. 111-220, §§ 2–3, 124 Stat. 2372 (Aug. 3, 2010). Initially, however, the Fair Sentencing Act did not apply retroactively to defendants sentenced before its effective date. *Dorsey v. United States*, 567 U.S. 260, 264 (2012). To remedy this, in 2018, Congress passed the First Step Act, which, *inter alia*, gave the Fair Sentencing Act retroactive effect. *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. Specifically, the First Step Act allowed "prisoners sentenced before the Fair Sentencing Act . . . to petition the court for an individualized review of their case" to bring relevant pre-2010 sentences "in line" with post-2010 sentences. *United States v. Chambers*, 956 F.3d 667, 670 (4th Cir. 2020) (citing Fact Sheet, Senate Comm. on the Judiciary, The First Step Act of 2018 (S. 3649)—as Introduced (Nov. 15, 2018)) (emphasis omitted).

The Fourth Circuit has held that First Step Act motions fall under 18 U.S.C. § 3582(c)(1)(B), which authorizes courts to "modify an imposed term of imprisonment to the extent otherwise permitted by statute." *See Chambers*, 956 F.3d at 671 (citation omitted); *United*

*States v. Wirsing*, 943 F.3d 175, 184–85 (4th Cir. 2019). In applying Section 3582(c)(1)(B), courts "look to the underlying statute"—here, Section 404(b) of the First Step Act—"to determine what it expressly provides." *Chambers*, 956 F.3d at 671.

Under Section 404(b), sentencing courts may "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." 132 Stat. at 5222. A "covered offense" is "a violation of a federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010." *United States v. Collington*, 995 F.3d 347, 352 (4th Cir. 2021). Relevant here, a defendant is eligible for consideration of a sentence reduction when serving a term of imprisonment for a *supervised release violation* if the "original, underlying conviction was for a 'covered offense.'" *United States v. Venable*, 943 F.3d 187, 194 (4th Cir. 2019).

In making resentencing determinations, "the First Step Act leaves much to the judge's own professional judgment." *Concepcion v. United States*, 597 U.S. 481, 501 (2022) (citations omitted). Courts "must [merely] consider all nonfrivolous arguments for sentence reductions under the First Step Act based on changes in law or fact. But they are not required to reduce any sentence." *United States v. Reed*, 58 F.4th 816, 821 (4th Cir. 2023) (citing *Concepcion*, 597 U.S. at 501); *see also Dillon v. United States*, 560 U.S. 817 (2010) (holding that in determining eligibility for sentence reduction, the court should first consider whether the defendant is eligible for modification under the terms of the statute, and then, if the defendant is eligible, consider the 3553(a) sentencing factors). Indeed, a district court "may, in its discretion, dismiss arguments that it does not find compelling without a detailed explanation;" moreover, a district court is not "required to articulate anything more than a brief statement of reasons." *Concepcion*, 597 U.S. at 501 (citations omitted).

## II.     Eligibility for relief

Here, Johnson contends—and the United States agrees, *see* Dkt. 131 at 9–10—that he may request a sentence reduction under the First Step Act. Dkt. 123. Johnson further posits, without the Government's support, that an appropriate sentence reduction would be for the full 46-month revocation sentence to run concurrently with his 108-month 2022 sentence. *Id.* In particular, he argues that such a reduction would be appropriate because, while his revocation sentence was based on a finding that he was a Category V offender, the Court should "re-categorize[ him] as a Category IV offender." *Id.* at 2 (citing *United States v. Brown*, No. 7:08-cr-31, 2021 WL 744757 (W.D. Va. Feb. 25, 2021)).

At the outset, the Court agrees that Johnson is eligible for consideration of a sentence reduction under Section 404 of the First Step Act because the criminal conviction underlying his supervised release revocation sentence is a covered offense. In 2008, Johnson was convicted of distribution of 50 grams or more of cocaine base—i.e., crack. Dkt. 57. At that time, such a crime carried a mandatory minimum sentence of 10 years and a maximum sentence of life imprisonment. 21 U.S.C. § 841(b)(1)(A). But in 2010, the statutory penalties to which he was subject were modified by the Fair Sentencing Act. *See Wirsing*, 943 F.3d at 186 (holding that violators of 21 U.S.C. § 841(b)(1)(A)(iii) and (B)(iii) are eligible for relief under the Act). In other words, Johnson was previously convicted and sentenced for a covered offense; his motion is, therefore, proper. *Collington*, 995 F.3d at 352.

## III.    Appropriateness of a sentence reduction

As a result, the Court will consider whether a sentence reduction is appropriate in his case. Since Johnson requests a reduction in the "'[r]evocation' portion of [his] sentence," Dkt. 123 at 1, three factors—(1) the class of his original felony, (2) the grade of his supervised

4

release violation, and (3) his criminal history category—are relevant to the Court's analysis. U.S.S.G. § 7B1.4.

First, Johnson's original offense was—and continues to be—a Class A felony. If Johnson was sentenced today, because his offense involved at least 50 grams or more of cocaine base, his conviction would fall under 21 U.S.C. § 841(b)(1)(B), rather than 21 U.S.C. § 841(b)(1)(A)—the statutory provision to which he was previously subject. Section 841(b)(1)(B) normally carries a sentencing range of 5 to 40 years imprisonment. 21 U.S.C. § 841(b)(1)(B). But since Johnson was subject to an enhancement for a "prior conviction for a serious drug felony," his sentencing range would actually be 10 years to life imprisonment.[2] *Id.*; *see* Dkt. 40 (giving notice of enhanced punishment for a prior conviction for a serious drug felony). Thus, even if he had been convicted and sentenced under the current version of 21 U.S.C. § 841(b)(1)(B), his offense would still be considered a Class A felony. 18 U.S.C. § 3559(a)(2).

Likewise, Johnson's supervised release violation was—and continues to be—a Grade A violation. Significantly, the parties do not dispute that Johnson committed a Grade A violation of the terms of his supervision. Dkt. 122 at 5. So, the Court concludes that the grade of Johnson's supervised release violation remains the same—a Grade A violation.

By contrast, given the changes made in the First Step Act, if sentenced today, Johnson would only have a criminal history category of IV. Previously, in 2008, the Probation Office determined that he had 10 criminal history points, resulting in a criminal history category of V. Dkt. 63 ¶ 45. Notably, one point was assessed under U.S.S.G. § 4A1.1(e) because he committed

---

[2] The Office of the Federal Public Defender contends that Johnson's original offense constituted a Class B felony. Dkt. 122 at 4. But they ignore that Johnson is subject to a sentencing enhancement which results in his sentencing range being 10 years to life imprisonment—a range which renders his crime a Class A felony. 21 U.S.C. § 841(b)(1)(B); 18 U.S.C. § 3559(a)(2).

his 2006/2007 offense within two years of his release from prison. *Id.* That criminal history point, however, would no longer be assessed under current guidelines and, thus, would no longer be applicable when Johnson was sentenced for violating his terms of supervision. It follows that if he had engaged in an identical supervised release violation under current law, he would have only nine criminal history points, resulting in a criminal history category of IV. U.S.S.G. § 5A.

With that change, his recommended supervised release revocation guideline range would have been 37 to 46 months based on a Grade A violation, a Class A felony, and a criminal history category of IV. U.S.S.G. § 7B1.4. Yet, when sentenced to the revocation term at issue, his guideline range was instead calculated as 46 to 57 months. Dkts. 116, 121.

Even though Johnson's guideline range would have been less with the above changes, the Court notably imposed a term of imprisonment that is *within* the newly calculated guideline range. Johnson was sentenced[3] to 46 months in total—the high-end of the newly calculated range; moreover, only 12 months of that sentence was set to run consecutively to his 2022 sentence.[4] Dkt. 121. The fact that Johnson is serving a term of imprisonment within the newly calculated guideline range undermines his argument that a reduction of his revocation sentence is appropriate.

---

[3] The Court notes that Johnson was sentenced to the revocation term at issue in January 2023—after the First Step Act's passage. *U.S. v. Johnson*, No. 6-21-cr-01, Dkt. 658. Nevertheless, his counsel failed to raise any First Step Act issues at the time of sentencing.

[4] Johnson requests that the Court modify his supervised release revocation sentence "to run the entire 46 month … sentence concurrently" with his 2022 sentence. Dkt. 123 at 2. However, the Court notes that, in practicality, his supervised release revocation sentence will merely tack on 12 months—the portion to run consecutively—to the end of his 2022 sentence. The Court believes that, considering the relevant Section 3553(a) sentencing factors discussed *ante*, his supervised release revocation sentence is appropriate given Johnson's breach of the Court's trust.

### IV. Relevant Section 3553(a) sentencing factors

But even if a sentence reduction was appropriate, the relevant 18 U.S.C. § 3553(a) factors weigh against reducing his sentence. The factors to consider under § 3553(a) are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner . . . .

Regarding the nature and circumstances of the offense, Johnson breached the Court's trust when he committed a cocaine conspiracy offense while on supervision. Considering his history and characteristics, Johnson's second cocaine conspiracy offense represents his fourth drug trafficking offense, not including two possession of cocaine convictions in 1994. *U.S. v. Johnson*, No. 6-21-cr-01, Dkt. 650 at 42–48. In addition, during his revocation hearing, the Court considered mitigating factors—including that Johnson had an abusive childhood, maintained good behavior while in jail, and has a wife and four children—prior to sentencing him. Dkt. 121. The Court also recognizes the need for Johnson's sentence to afford adequate deterrence to criminal conduct—a factor that weighs heavily against reducing his revocation sentence, given Johnson's criminal conduct while on supervision.

### CONCLUSION

For these reasons, the Court **DENIES** Johnson's motions for a sentence reduction. Dkts. 122, 123. The Court also **DISMISSES** the United States' motion to dismiss as moot. Dkt. 126.

It is so **ORDERED**.

The Clerk of Court is directed to send this Memorandum Opinion and Order to Defendant, all counsel of record, the United States Probation Office, and the United States Marshals Service for delivery to the Bureau of Prisons.

Entered this  27th  day of November, 2023.

*Norman K. Moon*
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE